# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SANDRA TESTA,

    Plaintiff,

v.                                                         Case No: 8:24-cv-2739-CEH-SPF

GSA ACCESS GROUP, LLC,
d/b/a FedBiz Access,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. 10). In the motion, Defendant GSA Access Group, LLC d/b/a FedBiz Access requests dismissal of Plaintiff's Amended Complaint for failure to state a cause of action. Plaintiff filed a response in opposition. Doc. 12. The Court, having considered the motion and being fully advised in the premises, will grant in part the Defendant's Motion to Dismiss Amended Complaint and give Plaintiff the opportunity to amend her complaint.

    **I.**        **BACKGROUND**[1]

Plaintiff Sandra Testa ("Plaintiff" or "Testa"), who is 88 years old, worked for Defendant GSA Access Group, LLC d/b/a FedBiz Access ("Defendant" or

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 8), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

"FedBiz") as a Senior Contracting Specialist since 2011. Doc. 8 ¶¶ 7, 8. While employed with FedBiz, Testa was an exemplary employee. *Id.* ¶ 9. During the COVID-19 pandemic, Testa was asked to work from home because of her age and the risk of her becoming ill. *Id.* ¶ 10. She was assured her compensation would not change. *Id.* However, shortly after starting to work remotely, FedBiz's president (Mike Toups) informed Testa that she would no longer be paid based on commissions and by the hour, but instead by commission and the amount of time she spent talking to clients ("talk time") times two. *Id.* ¶ 11. Because she typically only spent two hours of her eight-hour day on the phone with clients, this meant Testa would only be paid for four hours of work each day. *Id.* ¶ 12. FedBiz's other employees similarly only spent about two hours of talk time but were still paid for an eight-hour day. *Id.* ¶ 13. Testa requested multiple times to be able to return to the office, but her requests were refused due to her age. *Id.* ¶ 14. Testa's supervisor was aware that Testa worked 60 hours weekly but was only paid on her commissions. *Id.* ¶ 16. In 2021, Testa was paid approximately $114,000, but in 2022, Plaintiff was paid only $ 74,000. *Id.* ¶¶ 17, 22.

In 2022, Testa requested to be able to return to her previous payment scheme which would match the compensation received by the Defendant's younger employees who were permitted to work in office. *Id.* ¶ 18. In August 2022 Testa began coming into the office for Monday meetings. *Id.* ¶ 20. She again requested to be allowed to work in the office, but she was told to continue to work from home. *Id.* ¶ 21. FedBiz's president Toups told Testa, "at your age, you should retire soon." *Id.*

On March 27, 2023, Testa was discharged. *Id.* ¶ 24. She was told the reason for her termination was because her position was eliminated. *Id.* ¶ 24. FedBiz hired a sales account specialist shortly after Testa's termination. *Id.* ¶ 25. Testa sued FedBiz in a one-count complaint alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Florida Civil Rights Act ("FCRA") in discharging her, reducing her compensation, and altering her terms of employment because of her age. Doc. 8 ¶ 28. FedBiz moves to dismiss the Amended Complaint. Doc. 10. Plaintiff filed a response in opposition. Doc. 12.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III. DISCUSSION

The ADEA prohibits employers from taking an adverse employment action against an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. §§ 623(a), 631(a). The Florida Civil Rights Act similarly prohibits such unlawful conduct by an employer. *See* Fla. Stat. § 760.10(1)(a). Age discrimination claims brought under the FCRA are analyzed under the same framework as the ADEA. *Rainey v. United Parcel Serv., Inc.*, 816 F. App'x 397, 400 (11th Cir. 2020).

FedBiz moves to dismiss Testa's ADEA and FCRA claims, arguing Testa's Amended Complaint is a shotgun pleading because she commingles causes of action in a single count; Testa is not a member of a protected class; she fails to exhaust administrative remedies; she fails to sufficiently allege age discrimination through direct or circumstantial evidence; and because she fails to plead but-for causation. Doc. 10. Testa acknowledges her causes of action should be set forth in separate counts but otherwise opposes the motion. Doc. 12. The Court addresses each of Defendant's arguments in turn below.

### A. Shotgun Complaint

In addition to including "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Ashcroft*, 556 U.S. at 677-78; each claim of a plaintiff's complaint must be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Fed. R. Civ. P. 10(b). FedBiz argues dismissal is warranted because Testa combines her

claims for alleged violations of the ADEA and FCRA in the same count. Doc. 10 at 6. The Court agrees. In her response to Defendant's motion, Plaintiff acknowledges this pleading deficiency. Doc. 12 at 13. Accordingly, the Amended Complaint is due to be dismissed as a shotgun pleading. Because Testa will be given the opportunity to file an amended complaint, the Court addresses Defendant's remaining arguments.

### B. ADEA Protects Individuals Over the Age of 40

Plaintiff alleges she is 88 years old. Doc. 8 ¶ 7. Defendant argues that Plaintiff is not a member of a protected class under the ADEA because she is not between the ages of 40 and 70. Doc. 10 at 15. Defendant's argument is meritless. As Plaintiff's response points out, the ADEA was amended, effective January 1, 1987, to remove the maximum age limitation of 70. *See* PL 99–592 (HR 4154), PL 99–592, October 31, 1986, 100 Stat 3342 (noting that Section 12 of the ADEA is amended "(1) in subsection (a) by striking out 'but less than seventy years of age', and (2) in subsection (c)(1) by striking out 'but not seventy years of age'"). Thus, FedBiz's motion to dismiss based on this argument fails.

### C. Exhaustion of Administrative Remedies

Before filing suit under the ADEA, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC. *See* 29 U.S.C. § 626(d)(1)(A) (stating plaintiff must file age discrimination charge within 180 days after the alleged discrimination). The purpose of the exhaustion requirement is to allow the EEOC to "have the first opportunity to investigate the alleged discriminatory practices[.]" *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir.

5

2004) (citations and quotations omitted). For this reason, a plaintiff is not permitted to allege new acts of discrimination that were not raised in the EEOC charge. *Id.* at 1280.

In her Amended Complaint, Testa alleges that she has performed all conditions precedent that are necessary to maintain this action. Doc. 8 ¶ 5. Although not attached to her Amended Complaint, Testa filed a Charge of Discrimination with the EEOC dated April 18, 2023, alleging discrimination based on her age in violation of the ADEA and the FCRA. Doc. 10-1. FedBiz attaches the Charge to its motion to dismiss. *Id.* "[A] court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]hen the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.") "A document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make out a claim." *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (per curiam) (alteration in original) (quoting *Day*, 400 F.3d at 1276). "In this context, 'undisputed' means the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276. Testa does not challenge the authenticity of the Charge of Discrimination,

and because it is central to Plaintiff's age discrimination claim, the Court may appropriately consider it.

FedBiz argues that Testa fails to state a claim because the allegations of the Amended Complaint exceed the scope of the EEOC charge, and she therefore failed to exhaust administrative remedies. Doc. 10 at 6–10. FedBiz further argues that any attempt to cure her failure to exhaust would be untimely. *Id.* at 10–11. Specifically, FedBiz contends that because the Charge of Discrimination only identifies the latest date that the discrimination took place (March 27, 2023, her date of discharge) and the box regarding "continuing action," is not checked, any complaint by Plaintiff about the terms and conditions of her employment and/or her compensation are barred for failure to exhaust her administrative remedies as to those issues before the EEOC.

In response, Testa argues that being forced to work from home, which resulted in decreased compensation, was discriminatory and is related to her discharge claim. While a plaintiff is generally not permitted to allege new acts of discrimination that were not raised in the EEOC charge, *Gregory*, 355 F.3d at 1280, the scope of an EEOC charge "should not be strictly interpreted," *see Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (citations omitted), and courts are "extremely reluctant to allow procedural technicalities to bar discrimination claims." *Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014) (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th

Cir. 1980)²). Accordingly, any claim that "can reasonably be expected to grow out of the charge of discrimination" in the EEOC is permissible, including claims that "amplify, clarify, or more clearly focus the allegations in the EEOC charge." *Gregory*, 355 F.3d at 1280 (quotations omitted).

As an initial matter, contrary to FedBiz's suggestion, Plaintiff's failure to check the "continuing action" box on her EEOC form is not necessarily dispositive of her claims. *See Batson*, 897 F.3d at 1328 (concluding that plaintiff had exhausted her administrative remedies even though she had not checked the "retaliation" box in her EEOC charge). "[T]he proper inquiry is whether the plaintiff's complaint is like or related to, or grew out of, the allegations contained in the EEOC charge." *Batson*, 897 F.3d at 1328 (quotations omitted).

In the charging document, Testa states she was discharged on March 27, 2023, due to her age; FedBiz falsely claimed her position was eliminated; her compensation decreased from $114,000 in 2021 to $74,000 in 2022; and there was no reason for her discharge. Doc. 10-1. The Court finds that the alleged discriminatory conduct described in Testa's Amended Complaint is related to or reasonably grew out of her EEOC charge. The prohibition against raising "new acts of discrimination" not alleged before the EEOC "is best understood to bar fundamentally new 'types' of discrimination claims that are alleged in a complaint but not derivative of the initial

---

² In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

charge." *Donovan v. Westcor Land Title Ins. Co.*, 6:20-cv-544-PGB-GJK, 2020 WL 13357822, *7 (M.D. Fla. July 8, 2020).

The allegations of Plaintiff's Amended Complaint do not raise a new type of discrimination. Rather, both her EEOC charge and her Amended Complaint assert claims of age discrimination. Although the discriminatory act specifically named in the EEOC charge is Plaintiff's discharge, she did not claim that this was the only act that occurred; instead, she discussed how her compensation scheme was changed and the fact that she was paid less in 2022 than in 2021, as well as her employer's alleged false statement that her position was eliminated.[3] Doc. 10-1. Given Testa's statements in her Charge including her decreased compensation from one year to the next, it is reasonable to expect the EEOC investigation would have encompassed all possibly-discriminatory actions that occurred during the relevant period leading up to the discharge. *See Donovan*, 2020 WL 13357822, *8. The Court declines to strictly interpret the scope of Testa's EEOC charge, *see Batson*, 897 F.3d at 1327, and therefore finds, in a light favorable to the Plaintiff, that the allegations of discrimination are sufficiently "like or related to" those brought before the EEOC. The motion to dismiss on

---

[3] In support of her argument, Testa additionally attaches copies of FedBiz's Position Statement (Doc. 12-1) and her rebuttal statement (Doc. 12-2). The Court may appropriately consider on a motion to dismiss documents attached to a plaintiff's complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Court notes, however, that these documents were not exhibits to the Amended Complaint. Rather, the documents were attached as exhibits to her response to the motion to dismiss. A response to a motion to dismiss is not a pleading. *See* Fed. R. Civ. P. 7. To the extent that Plaintiff wishes the Court to consider the documents, they should be made a part of her pleadings.

exhaustion grounds is due to be denied. Because the exhaustion argument has been rejected, the Court need not address Defendant's argument that it is too late to cure any failure to exhaust.

### D. Direct and/or Circumstantial Evidence of Discrimination

"A plaintiff can establish age discrimination through either direct or circumstantial evidence." *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013) (citing *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010). FedBiz argues that Testa cannot state a claim because she does not sufficiently allege either direct or circumstantial evidence. First, FedBiz contends that stray retirement-related comments are not directly probative of discrimination. "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989) (citing *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1558 n. 13 (11th Cir. 1988)). Defendant is correct that "not every comment concerning a person's age presents direct evidence of discrimination." *Carter*, 870 F.2d at 582 (citing *Young v. Gen. Foods Corp.*, 840 F.2d 825, 829 (11th Cir. 1988)). Instead, courts consider only the most blatant remarks, whose intent could be nothing other than to discriminate because of an employee's age, to be direct evidence of discrimination. *Carter*, 870 F.2d at 582. For example, comments that a plaintiff lacked the "wherewithal" to perform his job, "moved in slow motion," and was "not proactive," "not aggressive," and being approximately the same age as his manager's father did not constitute *direct* evidence

10

of discrimination. *Young*, 840 F.2d at 829. Similarly, a manager's repeated jokes about plaintiff's age, questioning plaintiff who is the oldest in the accounting department, and asking plaintiff how she likes working with a "bunch of babies" did not constitute direct evidence of age discrimination of 43-year-old discharged plaintiff. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 & n.6 (11th Cir. 1987) (noting that "[i]t is rare that direct evidence of discrimination exists," but finding manager's statements raised an inference that age discrimination motivated the discriminatory conduct).

Here, Testa alleges Defendant asked Plaintiff to work from home due to her age and her risk of getting ill during the COVID pandemic; "Plaintiff repeatedly requested to return to the office, and was denied each time because of her age;" Toups denied Plaintiff's request to return to her previous payment scheme which would match all of Defendant's younger employees; in denying her request to return to work in the office, Toups "suggested that Plaintiff retire and enjoy her senior years;" and Toups told Plaintiff to "stay working from home, at your age you should retire soon." Doc. 8 ¶¶ 10, 14, 18, 19, 21.

Testa argues that Defendant's forcing her to work from home in 2020 because of her age and never allowing her to return to the office, coupled with comments encouraging her to retire soon, is either direct evidence or at least a mosaic of circumstantial evidence of discrimination. The Eleventh Circuit has held that in an age discrimination case, "the quintessential example of direct evidence" would be a manager's statement saying, "Fire Earley—he is too old." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1190 (11th Cir. 1997) (quoting *Earley v. Champion Intern. Corp.*, 907

11

F.2d 1077, 1081 (11th Cir. 1990)). The Eleventh Circuit recognizes that "remarks merely referring to characteristics associated with increasing age, or facially neutral comments from which a plaintiff has inferred discriminatory intent, are not directly probative of discrimination." *Carter*, 870 F.2d at 582.

While Testa alleges she was required to work from home because of her age and her requests to return to the office were met with refusal, she also indicates it began at the time of the pandemic out of a concern for her health. Thus, some degree of inference or presumption is necessary to conclude the conduct of not allowing her to ever return to the office was because of her age. Similarly, Testa's discharge requires an inference or presumption to conclude her termination constituted age discrimination. As such, her allegations fall short of being the type of blatant remarks that courts in this Circuit have found to be direct evidence of discrimination. Because Plaintiff will be permitted to amend, she may include, to the extent any exist, any additional allegations she contends constitute direct evidence.

Alternatively, Testa relies on a mosaic of circumstantial evidence to establish her age-discrimination claim. FedBiz argues that Testa cannot establish a claim based on circumstantial evidence because she fails to allege that a substantially younger person filled the position from which Testa was discharged and she fails to plead "but-for" causation.[4] Where the evidence of discrimination is circumstantial, courts employ

---

[4] Defendant also contends that Testa is not a member of a protected class under the ADEA because she is older than 70 years of age. That argument was addressed and rejected in subsection III (B) above.

the three-stage burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to evaluate a claim under the ADEA. *Chapman v. Al Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). Under this framework, the plaintiff first must establish a *prima facie* case of age discrimination. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (11th Cir. 2000). An ADEA plaintiff can establish a *prima facie* case of discrimination by showing that she: "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman*, 229 F.3d at 1024 (citation omitted). Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *Id.* If the employer satisfies its burden, the plaintiff must then prove that the reason advanced by the employer constitutes mere pretext for age discrimination. *Id.*

Notably, however, at the motion to dismiss stage, a plaintiff need not establish a *prima facie* case. *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018). Instead, at the pleading stage, the plaintiff need only allege facts adequate to raise his or her right to relief above a speculative level. *Id.* (citing *Iqbal*, 556 U.S. at 678).

Here, FedBiz argues that Plaintiff fails to allege that she was replaced by a substantially younger person. The Court agrees. Plaintiff alleges: "Defendant hired a significantly [sic] Sales Account Specialist shortly after Plaintiff's termination." Doc.

8 ¶ 25. In amending her complaint, Plaintiff should provide a clearer statement as to what she is alleging regarding the person hired to replace her. As it pertains to her compensation and being able to work in the office, she has adequately alleged that younger employees were permitted to work in the office while she was not and the younger workers were compensated under a more favorable payment scheme.

Finally, FedBiz contends that Testa does not allege but-for causation, arguing that she only alleges self-serving and conclusory statements. In the Amended Complaint, she alleges her requests to return to the office were refused with the comments that she should retire and enjoy her senior years. Doc. 8 ¶ 19. She was repeatedly denied requests to return to the office because of her age. *Id.* ¶ 14. She was told that at her age she should retire. *Id.* ¶ 21. Accepting Testa's allegations as true, which the Court must do on the instant motion, she has adequately alleged that her age was the but-for cause of the Defendant's discriminatory conduct. Accordingly, it is

    **ORDERED**:

    1.    Defendant's Motion to Dismiss Amended Complaint (Doc. 10) is **GRANTED, in part**, as set forth herein.

    2.    Plaintiff's Amended Complaint is dismissed as a shotgun pleading.

    3.    Plaintiff is granted leave to amend to correct the pleading deficiencies set forth in this order. The Second Amended Complaint shall be filed within fourteen (14) days of the date of this order.

4. Failure to file a Second Amended Complaint within the time permitted will result in dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Tampa, Florida on April 30, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any