## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SANDRA TESTA,

      Plaintiff,

v.                               Case No: 8:24-cv-2739-CEH-SPF

GSA ACCESS GROUP, LLC,
d/b/a FedBiz Access,

      Defendant.

_____/

## **O R D E R**

This matter comes before the Court on Defendant's Motion to Dismiss Second Amended Complaint (Doc. 19). In the motion, Defendant GSA Access Group, LLC d/b/a FedBiz Access, requests dismissal with prejudice of Plaintiff's Second Amended Complaint for failure to state a cause of action. Plaintiff responded in opposition. Doc. 22. The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part Defendant's Motion to Dismiss Second Amended Complaint.

### I.    BACKGROUND[1]

### A. Factual Background

---

[1] The following statement of facts is derived from the Second Amended Complaint (Doc. 18), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiff Sandra Testa ("Plaintiff"), worked for Defendant GSA Access Group, LLC, d/b/a FedBiz Access ("Defendant") from 2011 to 2023. Doc. 18 ¶¶ 8, 23. Plaintiff is an 88-year-old woman who worked as a Senior Contracting Specialist for Defendant and described herself as an exemplary employee who generated significant profits. *Id.* ¶¶ 7–9. Defendant is a government contracting consulting firm. *Id.* ¶ 6. Defendant, with Michael Toups as president at the time, made the decision to have Plaintiff work from home during the COVID-19 pandemic and pay her at the same rate. *Id.* ¶¶ 10–11. This decision was made because of her age and the risk of illness. *Id.* ¶ 10. Toups changed her payment scheme two weeks later, and informed Plaintiff that she would no longer be paid by the hour. *Id.* ¶ 11. Instead, she would be paid based on the amount of time she spent talking to clients ("talk time") times two. *Id.* Because Plaintiff only spent two out of eight hours each day talking to clients, she only was paid for four hours of work. *Id.* ¶ 12. Defendant's vice president of sales Tracy Plant kept in contact with Plaintiff daily and knew Plaintiff was working 60 hours per week and was only being paid on commissions. *Id.* ¶ 16. In comparison, Defendant still permitted all the other employees to work in person, and they were paid for their full eight hours of work, notwithstanding that those employees also often engaged in only one or two hours of talk time. *Id.* ¶ 13.

Plaintiff repeatedly requested to return to the office but was denied because of her age. *Id.* ¶ 14. Specifically, in 2022, Plaintiff requested to return to her previous payment scheme, which would match the "younger employees" working in the office, but she was denied by company president Toups. *Id.* ¶ 18. Thereafter, Plaintiff again

requested to return to work in person but was again denied by Toups, who suggested she "retire and enjoy her senior years." *Id.* ¶ 19.

Between 2021 and 2022, her pay decreased from $114,000 $74,000. *Id.* ¶¶ 17, 22. Defendant suggested that Plaintiff form her own company so she could be paid exclusively based on her commissions using a Form 1099 to declare her income. *Id.* ¶ 15.

When Plaintiff began coming into the office on Mondays for all-hands meetings, in or around August 2022, Defendant again denied Plaintiff reentry into in-person work. *Id.* ¶ 20. Toups told her to "stay working from home" and suggested that "at her age she should retire soon." *Id.* ¶ 21.

Defendant discharged Plaintiff on or around March 27, 2023, and informed her that her position had been eliminated. *Id.* ¶¶ 23–24. Plaintiff claims, "Defendant hired a significantly [sic] Sales Account Specialist shortly after Plaintiffs termination and assigned Plaintiff's duties to younger personnel." *Id.* ¶ 26. Plaintiff alleges Defendant discharged her because of her age. *Id.* ¶ 27.

### B. Procedural Background

Plaintiff filed a Charge of Discrimination with the EEOC dated April 18, 2023, alleging discrimination based on her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Florida Civil Rights Act ("FCRA"). Doc. 10-1. Plaintiff filed this lawsuit in Pinellas County state court in September 2024. Doc. 1-2. On November 25, 2024, Defendant removed the case to federal court based

upon the Court's original jurisdiction. Doc. 1. On December 16, 2024, Plaintiff filed an Amended Complaint alleging a single count of age discrimination under both the ADEA and the FCRA. Doc. 8. Defendant moved to dismiss the amended complaint, which the Court granted, in part. Docs. 10, 17. The Court dismissed the Amended Complaint as a shotgun pleading and granted Plaintiff leave to amend. Doc. 17 at 14. Plaintiff filed a two-count Second Amended Complaint on May 13, 2025, asserting claims for violation of the ADEA (Count I) and the FCRA (Count II). Doc. 18.

In her Second Amended Complaint, Plaintiff asserts that Defendant discharged and otherwise discriminated against her with respect to the terms and conditions of her employment, compensation, and discharge because of her age. *Id.* Plaintiff claims that she met and exceeded Defendant's legitimate performance expectations, and that the comment that Plaintiff should "retire and enjoy her senior years" is direct and circumstantial evidence of age discrimination. *Id.* ¶¶ 30–31. She asserts that Defendant falsely represented to the EEOC that she refused to return to the physical offices even though it was her repeated requests to return in person that Defendant denied. *Id.* ¶ 25.

Defendant moved to dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), arguing Plaintiff fails to state a cause of action against it. Doc. 19. Defendant contends that Plaintiff's Second Amended Complaint fails to cure the deficiencies of her prior complaints and that any further amendment would be futile. Defendant requests dismissal with prejudice.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.    DISCUSSION

The ADEA prohibits employers from taking an adverse employment action against an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. §§ 623(a), 631(a); *see McCreight v. AuburnBank*, 117 F.4th 1322, 1334 (11th Cir. 2024). The Florida Civil Rights Act similarly prohibits such unlawful conduct by an employer. *See* Fla. Stat. § 760.10(1)(a). "Courts employ the same analysis when evaluating age discrimination claims under the ADEA and FCRA." *Cardelle v. Miami Beach Fraternal Order of Police*, 593 F. App'x 898, 901 n.6 (11th Cir. 2014) (citing *Zaben*

*v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997)); *see also Rainey v. United Parcel Serv., Inc.*, 816 F. App'x 397, 400 (11th Cir. 2020) ("Age discrimination claims brought under the FCRA are analyzed under the same framework as the Age Discrimination in Employment Act[.]").

Defendant seeks dismissal with prejudice of Plaintiff's ADEA and FCRA claims, arguing that Plaintiff's Second Amended Complaint again fails to state a cause of action against Defendant. Doc. 19 at 1. "A plaintiff can establish age discrimination through either direct or circumstantial evidence." *Mora v. Jackson Mem'l Found.*, Inc., 597 F.3d 1201, 1204 (11th Cir. 2010). In the Court's prior order dismissing the Amended Complaint as a shotgun pleading, the Court noted that Plaintiff's allegations fell short of plausibly alleging a theory of age discrimination based on direct evidence. Doc. 17 at 12. The Court gave Plaintiff, by amending her complaint, the opportunity to add any additional allegations of direct evidence, to the extent any existed. The Second Amended Complaint adds no new allegations of *direct* evidence, and thus Defendant's motion is due to be granted to the extent that Plaintiff may not proceed on a theory of age discrimination based on direct evidence.

In opposing dismissal, Plaintiff argues she has adequately alleged her age discrimination claim based on circumstantial evidence. For example, she argues that ageist comments, such as were made to her by Toups, may provide circumstantial evidence of discrimination. Doc. 22 at 14 (citing *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204–05 (11th Cir. 2010) (comments by a supervisor that a plaintiff is "too old" were circumstantial evidence of age discrimination)). Additionally, she asserts

that she has pleaded a mosaic of direct and circumstantial proof of unlawful motive.[2] Finally, she argues that the facts here may fit an unlawful one-person reduction-in-force scenario.

For reduction-in-force cases, the Eleventh Circuit has implemented a variant of the *McDonnell Douglas* test. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990). "Generally, a plaintiff in a job-reduction case can establish a prima facie case by demonstrating (1) that [she]was in a protected age group and was adversely affected by an employment decision; (2) that [she] was qualified for [her] current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue." *Id.* As discussed in more detail below, the Plaintiff need not establish a prima facie case at this stage of the proceedings. Rather, at the motion-to-dismiss stage, a complaint alleging employment discrimination "must simply state sufficient 'factual content' to 'allow[ ] the court to draw the reasonable inference' that the employer had discriminatory intent

---

[2] Recently, the Eleventh Circuit clarified that the "convincing mosaic" standard is typically utilized at the summary judgment stage, after the parties have gone through discovery. *Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *4 (11th Cir. Sept. 5, 2024) (citing *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019) ("[A] plaintiff will always survive summary judgment if he presents ... a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." (quotations omitted)). When a court is looking for "a 'convincing mosaic' of circumstantial evidence," *Tynes*, 99 F.4th at 946, it is looking for evidence. "At the pleading stage, the question is not one of evidence, but of pleading facts -- which the court must take as true -- with enough specificity to state a claim." *Davis*, 2024 WL 4051215 at *4 (citing *Iqbal*, 556 U.S. at 678).

when it fired the plaintiff." *Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *5 (11th Cir. Sept. 5, 2024) (quoting *Iqbal*, 556 U.S. at 678).

When an ADEA claim is based on circumstantial evidence, courts analyze the shifting of burdens and the presentation of proof under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*) (applying *McDonnell Douglas* to evaluate ADEA claims). Under this framework, a plaintiff can establish a rebuttable presumption of intentional discrimination if she can make out a prima facie case of discrimination by showing that "(1) she belongs to a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified to perform the job in question, and (4) her employer treated 'similarly situated' employees outside her class more favorably." *Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *3 (11th Cir. Sept. 5, 2024) (quoting *Tynes v. Fla. Dep't of Juvenile Just.*, 88 F.4th 939, 944 (11th Cir. 2023) (quotations omitted)). The Eleventh Circuit has recognized that the fourth element may alternatively be satisfied if a plaintiff can show she was discharged "while a person outside of the class with equal or lesser qualifications was retained[.]" *Lee v. Russell Cnty. Bd. of Educ.*, 684 F.2d 769, 773 (11th Cir. 1982) (citations omitted).

Defendant urges the Court to dismiss Plaintiff's claims because her Complaint fails to allege a prima facie case in that she does not allege that she was replaced by a substantially younger person and therefore she cannot satisfy the fourth element. However, the Supreme Court has clarified that a prima facie case for discriminatory

8

employment decisions "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). This means that Testa need not "establish a prima facie age-discrimination case in order to survive a Rule 12(b)(6) motion to dismiss." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018) (citing *Swierkiewicz*, 534 U.S. at 510). Rather, Plaintiff must "allege facts giving rise to an inference of disparate treatment" or intentional discrimination. *Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 Fed. App'x 704, 710 (11th Cir. 2013). Stated differently, Plaintiff must plausibly allege that Defendant discriminated against her based on her age. *See Shah v. Orange Park Med. Ctr., Inc.*, No. 3:14-cv-1081-MHH-JRK, 2016 WL 4943925, at *4 (M.D. Fla. Sept. 16, 2016) (Howard, J.) (noting that complaints alleging discrimination must meet the plausibility standard of *Twombly* and *Iqbal*).

At 88 years of age, Plaintiff clearly satisfies the age requirement for her claims of discrimination under the ADEA and FCRA. Plaintiff was discharged, and thus she has adequately alleged an adverse employment action. The Second Amended Complaint alleges that Plaintiff was an exemplary, productive employee whose performance exceeded Defendant's expectations. Thus, she was qualified to perform her job. Plaintiff repeatedly requested to be allowed to return to the office, but she was denied and told to retire and enjoy her senior years. Younger employees were permitted to return to the office and were paid for their in-office time whereas Plaintiff was paid based only on "talk-time," which resulted in decreased pay. When she asked again about returning to work in the office, she was told to stay working from home since at her age she should retire soon. Plaintiff was terminated in March 2023. After

her termination, Plaintiff's duties were given to younger personnel. Accepting Plaintiff's well-pleaded allegations as true and in a light most favorable to her, as the Court must do on a motion to dismiss, she has plausibly alleged that Defendant discriminated against her based on her age. Accordingly, Defendant's motion to dismiss is due to be denied. It is hereby

**ORDERED**:

1.    Defendant's Motion to Dismiss Second Amended Complaint (Doc. 19) is **granted-in-part** and **denied-in-part**.

2.    The motion is granted to the extent Plaintiff has failed to set forth a claim of age discrimination based on direct evidence. In all other respects the motion is denied.

3.    Within 14 days, Defendant shall file its Answer to the Second Amended Complaint.

4.    The stay of discovery is lifted.

**DONE AND ORDERED** in Tampa, Florida on October 17, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record